IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID CRUZ,<br><br>Defendant. | Criminal Case No. 21-30045-MGM |

## MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant David Cruz ("Defendant") is charged by indictment with one count of distribution and possession with intent to distribute more than 40 grams of fentanyl and one count of distribution and possession with intent to distribute more than 400 grams of fentanyl. The government has moved for pre-trial detention, invoking the presumption that applies in drug cases where the potential sentence is ten years or more. 18 U.S.C. § 3142(e)(3)(A). The court held a hearing on the government's motion on November 8, 2021, and, at the conclusion of the hearing, took the government's motion under advisement.

The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the

danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

The government's reasons for moving for pre-trial detention are obvious and carry weight. A federal grand jury has found probable cause to believe that Defendant distributed very substantial amounts – approximately 66,000 end user doses – of a combination of heroin and fentanyl. The combination of these drugs is lethal. The government's case is strong.

In terms of his personal characteristics, Mr. Cruz is a young man – 24 years old – whose criminal history is very limited: in or around 2017, a state court charge of distribution of a Class A substance was continued without a finding and dismissed. Defendant reported graduating from high school. He has some recent employment history as a delivery driver. Although Defendant's father lives in Florida, the defendant has very strong family ties in this area, where he has lived for his entire life and where most of his immediate family members, including his mother and his siblings, reside. He lives with his significant other, who has no criminal record and is employed, and her family, including her two children. She has represented that Defendant can continue to live with her and her family. So far as the court is aware, Defendant does not have a history of alcohol or substance abuse.

Notwithstanding the presumption and the serious nature of the charged conduct, *see* 18 U.S.C. § 3142(e)(3)(A), the court concludes that the defendant has rebutted the presumption of pretrial detention and that there are conditions of supervised release that will reasonably ensure the safety of other persons and the community and his future appearances in court if he is released pending trial. The court's conclusion is based on the following factors. Mr. Cruz is a young man. He has a minimal criminal history. Evidence at the hearing was to the effect that Defendant was forthcoming with federal agents at the time of his arrest, even if he did not

continue cooperating thereafter. He informed federal agents about drugs in addition to those the agents initially seized from his vehicle, volunteering the location of additional drugs in a storage unit and giving his consent to a search of the unit, which he had rented in his mother's name. So far as the court is aware, Defendant was not armed in March 2021 when federal agents seized drugs from him or in November 2021 when he was arrested, and he has no confirmed history of violence. The risk of flight must be assessed taking into account that federal agents seized drugs from Defendant in March 2021, but he was still in the area and at the address he gave to law enforcement in March when he was arrested in November 2021, some seven or eight months later.

There is no doubt that the alleged conduct that brings Defendant before the court is a danger to the community. Defendant does not, however, have a significant history of failing to comply with pretrial conditions of release or conditions of probation. There is no instance of default noted in his limited criminal history. While there is a probation violation noted in his record, the court has not been provided with details about the alleged violation, and the charge was nonetheless disposed of by a continuation without a finding. So far as the court is aware, law enforcement found no evidence that Defendant was engaged in the distribution of controlled substances when he was arrested at his residence. Taking into account these facts, along with his personal history and circumstances, the court finds that there are conditions that will reasonably assure the safety of the community and Defendant's future appearances if he is released pending trial.

A form of conditions of release for is attached hereto as exhibit 1. The United States Marshal is ordered to keep Mr. Cruz in custody until conditions of release, including installation of location monitoring equipment, if necessary, are satisfied.

Dated: November 10, 2021

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge